UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BILLY D. OLIVIER** | **CIVIL ACTION** |
| **VERSUS** | |
| **EXXON MOBIL CORPORATION** | **18-568-SDD-EWD** |

RULING

Before the Court is the Motion *in Limine* filed by Defendant, Exxon Mobil Corporation ("Exxon"), to exclude the testimony of Plaintiff's liability experts, Gregg S. Perkin, a mechanical engineer, and Garrett S. Perkin, a safety professional, ("Perkin Experts").[1] Plaintiff, Billy D. Olivier ("Plaintiff"), has filed a Memorandum in Opposition.[2] After considering the law and argument of the parties, and for the reasons set forth herein, the Motion shall be DENIED.

BACKGROUND

Plaintiff alleges that he was injured when he tripped and fell while working on an Exxon platform identified as the Lena platform (MC 280). At the time of the incident, the Lena platform was owned by Exxon and connected to the Outer Continental Shelf. At the time of the incident, Plaintiff was an employee of Weatherford International, LLC ("Weatherford"), an independent contractor hired by Exxon to perform plug and abandonment ("P&A") operations. Plaintiff tripped and fell while walking on top of a rig skid beam when the heel of his left foot fell into one of a series of prefabricated holes in the rig skid beam known as a lug slot.

---

[1] Rec. Doc. No. 49
[2] Rec. Doc. No. 58

1

Plaintiff retained Gregg S. Perkin, a registered Professional Engineer and Garrett S. Perkin, a safety consultant.[3] The Perkins' opinions are: 1) that the accident was preventable; 2) Exxon failed to guard the open lug slots; 3) the unguarded lug slots presented an open hole hazard on a walkway, which is a known industry hazard; 4) Exxon failed to mitigate the known hazard; and 5) Exxon failed to investigate a prior accident on a Rig Skid Beam, which could have led to corrective or mitigating measures.[4]

Exxon does not challenge the Perkins' qualifications. Rather, Exxon argues that the proposed opinion testimony "does not offer any specific expertise or other technical or superior knowledge outside the common knowledge and understanding of a [jury],"[5] is unreliable, and improperly renders legal conclusions.

LEGAL ANALYSIS

Opinion testimony is admissible under the Federal Rules of Evidence if: (1) the witness is qualified as an expert by knowledge, skill, experience, training, or education; (2) the expert's reasoning or methodology underlying the testimony is sufficiently reliable; and (3) the testimony is relevant.[6] The party offering expert testimony is not required to establish the correctness of the opinion; rather, the proponent of the opinion testimony bears the burden of establishing "by a preponderance of the evidence that the testimony is reliable."[7] "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under Fed.R.Evid. 702."[8]

---

[3] Exxon likewise retained a Professional Engineer, Perrin E. Roller, to provide opinion testimony.
[4] Rec. Doc. No. 49-2.
[5] Rec. Doc. No. 49-1.
[6] Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).
[7] *Moore v. Ashland Chemical, Inc.,* 151 F.3d 269, 276 (5th Cir.1998), *cert. denied,* 526 U.S. 1064 (1999).
[8] *Munoz v. Orr,* 200 F.3d 291, 301 (5th Cir. 2000); *Ricks v. City of Alexandria,* No. 12-0349, 2014 WL 4274144, at *8 (W.D.La. Aug. 28, 2014).

Assistance to the Trier of Fact

Exxon argues that the Perkins opinions should be excluded because the proposed opinions offer no "technical or superior knowledge outside the common knowledge and understanding of a judge or jury."[9] The Court finds that the cases relied on by Exxon are distinguishable from the present case.

*Thomas*[10] involved a plaintiff's fall from a ladder on a vessel that was under construction. The theories advanced were that: 1) the fall was caused by a rope that was coiled on the rungs of the ladder; 2) because the plaintiff was carrying a heavy toolbox while climbing the ladder and lost his balance; and/or 3) because the ladder was broken and not secured.[11]

In *Peters*,[12] the jury was asked to decide

> whether it was reasonable for an employer to instruct his employee to manually move equipment on the deck of a boat during heavy seas. Additionally, the jury was to assess the possibilities that the cargo had been improperly stowed, *i.e.*, was rolling around on the deck instead of being lashed down, and that spilled diesel fuel had made the deck of the ship slippery. The trial judge correctly decided that the jury could adeptly assess this situation using only their common experience and knowledge. Expert testimony was unnecessary, and thus the decision to exclude the testimony was within the discretion of the trial judge.[13]

This case involves a fall on "rig skid beam" with "lug slots" that were allegedly being used as a walkway by personnel engaged in the P&A operations. According to the photos, this is no ordinary walkway. Before the Lena platform was decommissioned, the rig skid beam "supported portable Drilling or Workover Rigs and Equipment that were

---

[9] Rec. Doc. No. 49-1.
[10] *Thomas v. Global Explorer, LLC*, No. 02-1060, 2003 WL 943645, at *1 (E.D.La. Mar. 3, 2003).
[11] *Id.*
[12] *Peters v. Five Star Marine Service*, 898 F.2d 448 (5th Cir. 1990).
[13] *Id.* at 450.

working on specific Wells on this Platform."[14]  In the Court's view, this is outside the common understanding and life experience of a layperson. Also, as noted by Plaintiff, "there are a plethora of federal regulations which govern operations on structures like Lena platform."[15] The Court finds that jury will be aided by an explanation of the applicable federal regulations, the operations to which they pertain, and the application of the regulations in the specific industry setting involved in this case.  Thus, the Court finds that the trier of fact will be aided by the proposed opinion testimony in this case.

Reliability

Exxon argues that the Perkins opinions are not derived from reliable principles and methods, and the principles and methods were not reliably applied to the facts of this case. Exxon principally relies on *West v. Drury Co.*,[16] a case which is easily distinguishable. In *West v. Drury*, the proposed expert "attested to an extensive working knowledge of the applicable safety standards in the industry … [but] failed to articulate the pertinent standards or their source in either his report or his deposition testimony. Although he referenced OSHA standards in his deposition, he could not identify a specific relevant standard."[17] To the contrary, in this case, the Perkins' report reveals a thorough knowledge of the applicable regulations and industry standards.  The proposed experts relied on the extensive deposition testimony of multiple Exxon witnesses, photographs, and discovery responses to support the factual assumptions made.[18]  The proposed

---

[14] Rec. Doc. No. 49-2, p. 8.
[15] Rec. Doc. 58, p. 13 (citing regulations "such as USCG regulations and BSEE's Safety and Environmental Management Systems ("SEMS") regulations. Examples of such regulations directly applicable to this case are 33 C.F.R. § 142.87 (Guarding of deck openings), 30 C.F.R. § 250.1919 (What criteria for investigation of incidents must be in my SEMS program?), 30 C.F.R. § 250.1911 (What hazards analysis criteria must my SEMS program meet?)").
[16] No. 2:07cv215-PA, 2009 WL 1587344 (N.D. Miss. June 5, 2009).
[17] *Id.* at *4.
[18] Rec. Doc. No. 49-2, p. 43.

report identifies a plethora of federal regulations and Exxon's "Upstream Safety Manual," which the proposed experts opine are germane to or provide guidance for the issues in this case. Thus, as Federal Rule of Evidence 702 requires, the Court finds that the proposed opinion testimony is based upon sufficient facts or data, is the product of reliable principles and methods, and the principles and methods were reliably applied to the facts of the case.[19]

## Legal Conclusions

Exxon argues that the following findings constitute legal conclusions on causation that must be excluded:

1) Exxon Management's failure to recognize and understand their responsibilities under 33 CFR created an unmitigated hazard to personnel walking along a Skid Beam to inadvertently, unexpectedly, and/or unknowingly have their footing encounter a Slot[.][20]

2) Exxon was complacent, failed to communicate and neglected to effectively eliminate, control and/or mitigate the hazards associated with affected employees working around a Skid Beam with **Open Hole Hazards**.[21]

Indeed, "experts may not provide 'legal conclusions or ... simply tell the jury what result to reach.'"[22]

Plaintiff responds that the above opinions are not legal conclusions and should not be excluded because: 1) the first statement directly references a federal regulation and addresses whether Exxon acted in accordance with that regulation; and 2) the second statement is allowed because experts may opine whether an action or failure to act was

---

[19] Fed. R. Evid. 702.
[20] Rec. Doc. No. 49-2, p. 41.
[21] *Id.* (emphasis in original).
[22] *Woods v. Seadrill Americas, Inc.*, No. 16-15405, 2017 WL 8293244, *2 (E.D. La. Sept. 11, 2017)(quoting *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *United States v. Fogg*, 652 F.2d 551, 557 (5th Cir. 1981), *cert. denied* 456 U.S. 905 (1982); *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977)).

safe or unsafe. Plaintiff cites the Fifth Circuit's decision in *Melerine v. Avondale Shipyards, Inc.*, wherein the court noted that "[a] plaintiff may properly offer a statute or regulation as evidence of a defendant's negligence even when that statute or regulation cannot be used to establish negligence *per se*."[23] The Court agrees. As the Fifth Circuit has held, an expert may reach a conclusion that applies a federal regulation to the facts of the case.

As to the second challenged statement, wherein Plaintiff's expert used the term neglected, the Court disagrees with Exxon's characterizations of the above as legal conclusions wherein Plaintiff's experts improperly "tell the jury what result to reach" or "tell the jury that Exxon was negligent or … the legal cause of [Plaintiff's] injuries.[24]

As explained by the Western District of Louisiana in *Woodard v. Andrus*,

> [T]estimony should not be excluded simply because a witness is trained in the law or because the testimony will touch on legal topics. In distinguishing admissible testimony from inadmissible testimony, the task for the Court is to ask whether the expert's opinions bear on some factual inquiry or whether they bear solely on the legal conclusions that are urged. In other words, "an expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied."[25]

However, as Plaintiff concedes,[26] the word "neglected" might be confusing to the jury as satisfying a negligence standard; thus, the Court agrees that Plaintiffs should use a different word than "neglected" to avoid any potential confusion.

---

[23] 659 F.2d 706, 713 n.22 (5th Cir. 1981), *abrogated on other grounds by Acosta v. Hensel Phelps Construction Company*, 909 F.3d 723 (5th Cir. 2018) (citing *Francois v. Diamond Offshore Co.,* No. 11-2956, 2013 WL 654635, at *4 (E.D. La. Feb. 21, 2013) (Morgan, J.) ("In order for expert testimony regarding alleged regulatory violations to be admissible in this case, [the expert] must testify about alleged violations of U.S. Coast Guard regulations, not OSHA regulations[, which are not applicable to the vessel]."); *Robertson v. Cal Dive Int'l, Inc.,* No. 05-807, 2006 WL 1968917, at *4 (E.D. La. July 12, 2006) (Engelhardt, J.) (excluding evidence of Coast Guard regulations that the Court concluded did not apply to the defendant's vessel)).
[24] Rec. Doc. No. 49-1.
[25] No. 03-2098, 2009 WL 140527, at *2 (W.D. La. Jan. 20, 2009)(quoting *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1212-1313 (D.C.Cir.1997)).
[26] Rec. Doc. No. 58, p. 21.

Accordingly, for the foregoing reasons, Exxon's Motion *in Limine*[27] is DENIED, with the exception that Plaintiff is advised that the word "neglected" in the second challenged conclusion should be substituted.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 1st day of April, 2022.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[27] Rec. Doc. No. 49.