UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BILLY D. OLIVIER                                                CIVIL ACTION

VERSUS                                                          NO. 18-568-SDD-EWD

EXXON MOBIL CORPORATION

### RULING AND ORDER

Before the Court[1] is the Motion to Compel Discovery, for Leave to Take Outstanding Fact Depositions, and to Extend Discovery for the Completion of Outstanding Discovery ("Motion"),[2] filed by Plaintiff Billy D. Olivier, which is opposed by Defendant Exxon Mobil Corporation ("Exxon").[3] The Court conducted a telephone conference with the parties to discuss possible resolution of the issues raised in the Motion and further argument is not necessary.[4] The Motion will be denied because Plaintiff did not formally challenge Exxon's revised privilege log and did not timely request the depositions he seeks.

### I.   BACKGROUND

The Motion originally sought an order compelling Exxon to: (1) permit the in-person inspection and copying of Exxon's relevant OIMS safety manual/documents, which Plaintiff previously requested in discovery as relevant to the injury giving rise to his claims (the "Accident"); (2) produce unredacted correspondence between Exxon and Plaintiff's employer,

---

[1] A magistrate judge may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *Tingle v. Hebert,* No. 15-626, 2017 WL 2543822, at *1 (M.D. La. June 12, 2017), citing *State Farm Mut. Auto. Ins. Co. v. Friedman*, No. 98-2918, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See Turner v. Hayden*, No. 15-2282, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *In re Tex. Bumper Exchange, Inc.*, No. 05-50305, 333 B.R. 135, 138 (Bkrtcy. W.D. Tex. Sept. 26, 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).
[2] R. Doc. 53.
[3] R. Doc. 71
[4] R. Doc. 65.  Oral argument is discretionary. Local Rule 78(b).

non-party Weatherford International ("Weatherford"), regarding the Accident. Plaintiff contends that Exxon's document production of "900 pages" shows "collusion" between Exxon and Weatherford, particularly as the documents relate to an affidavit supplied by a Weatherford employee in support of Exxon's summary judgment motion, which the affiant's deposition allegedly revealed is a "sham;"[5] and (3) produce Exxon witnesses Kim Munksgaard, Bryan Wesley "Wesley"), and Randy Cleveland ("Cleveland") for thirty-minute Zoom depositions regarding emails that they sent following the Accident that potentially contradict some of Exxon's corporate testimony, as well as a Court order permitting Plaintiff to take these depositions.[6] Plaintiff also sought an order permitting Plaintiff to depose Weatherford in light of the alleged collusion[7] between Weatherford and Exxon, and an extension of the November 12, 2021 discovery deadline[8] to conduct the requested discovery.[9]

On November 29, 2021, the Court conducted a telephone conference with the parties to discuss the issues raised in the Motion. The parties agreed to confer regarding the production of the OIMS information; the production of the redacted emails after Exxon produced a revised privilege log, as required by the Court since Exxon's original log was deficient; the Fed. R. Civ. P. 30(b)(6) deposition of Weatherford; and the request for the thirty-minute Zoom depositions of the identified witnesses.[10]

---

[5] *See* the affidavit of Jamie Siekkinen, Weatherford employee and Plaintiff's former supervisor, at R. Doc. 48-6. Exxon moved to correct and/or strike portions of the affidavit and an attached exhibit due to "inaccurate" statements. R. Doc. 60. The Court denied the motion to correct and struck the Siekkinen affidavit in its entirety. R. Doc. 98, pp. 7-8.
[6] R. Doc. 53-2, pp. 3-13.
[7] As discussed during the conference, Exxon's procurement of an affidavit from Weatherford is not, standing alone, collusive.
[8] *See* R. Doc. 47, setting the discovery deadline on November 11, 2021, which is a holiday. Therefore, the deadline was automatically extended to November 12, 2021. Fed. R. Civ. P. 6(a).
[9] R. Doc. 53-2, p. 13.
[10] R. Doc. 65.

Following the telephone conference, Plaintiff filed two motions to partially withdraw claims in the Motion due to a resolution reached by the parties, *i.e.*, (1) the request for inspection and copying of the OIMS safety manual/documents; (2) the deposition of Munksgaard; and (3) for Exxon to produce Cleveland for a deposition, as he is retired.[11] Nevertheless, Plaintiff maintained the request to compel Cleveland's deposition, to which Exxon continued to object, although Exxon agreed to provide Cleveland's most recent contact information. Plaintiff's motions to partially withdraw were denied, but it was noted that Plaintiff's requests for the OIMS documents and for Munksgaard's deposition were mooted by the parties' agreements.[12]

In the interim, Exxon filed its opposition memorandum and a Motion for Leave to file the redacted emails and associated withheld attachments under seal. Exxon also sought *in camera* review of the sealed redacted emails.[13] The Motion for Leave was granted in part, permitting the filing of the redacted emails under seal; however, the request for *in camera* review was denied because Plaintiff had not filed a motion challenging the sufficiency of the privilege revised log or the applicability of the privileges asserted.[14] Plaintiff filed his reply memorandum,[15] and the remaining issues raised in the Motion are ripe for consideration.

## II. LAW AND ANALYSIS

### A. Applicable Legal Standards

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense[16] and proportional to the needs of the

---

[11] Cleveland retired in 2019. R. Doc. 71, p. 2.
[12] R. Doc. 85. Plaintiff was ordered to file a supplemental memo if the OIMS search was not performed as agreed by the parties. R. Docs. 81, 85. No such memo was filed, and therefore the issue as to the OIMS search was resolved.
[13] R. Docs. 71-72 and 86.
[14] R. Doc. 86.
[15] R. Doc. 83.
[16] *Crosby v. Louisiana Health Service and Indem. Co.,* 647 F.3d 258, 262 (5th Cir. 2011) ("Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'"), citing Fed. R. Civ. P. 26(b)(1) and *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir. 1982).

3

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[17] A court must additionally limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[18] Furthermore, "[i]t is well settled law that magistrate judges are afforded broad discretion in ruling on discovery matters."[19]

### B. Plaintiff's Request for the Unredacted Emails and the Fed. R. Civ. P. 30(b)(6) Deposition of Weatherford Will Be Denied

Plaintiff contends that, despite serving a January 2019 request for production of communications between Exxon and Weatherford, Exxon produced 900 pages of documents two days before the discovery deadline (November 10, 2021) containing communications between Exxon and Weatherford with redactions that Exxon alleges contain attorney work-product. Plaintiff avers that this "dumping" of communications, which occurred after the filing of Exxon's summary judgment motion, was contrary to Exxon's duty to supplement its discovery responses.[20]

Plaintiff further argues that Weatherford, his tort-immune employer, is "colluding" with Exxon to protect Exxon's interests, including supplying Exxon with the Siekkinen affidavit in support of Exxon's summary judgment motion, and that Weatherford is motivated to do so to

---

[17] Fed. R. Civ. P. 26(b)(1).
[18] Fed. R. Civ. P. 26(b)(2)(C).
[19] *Albemarle Corp. v. Chemtura Corp.,* No. CV 05-1239, 2008 WL 11351528, at *1 (M.D. La. Apr. 22, 2008), citing *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013 (5th Cir. 1981).
[20] R. Doc. 53-2, pp. 5-8.

obtain lucrative business from Exxon. However, Plaintiff contends that the deposition of Siekkinen revealed that the affidavit "was largely a sham," standing "in direct contravention to the representations in his affidavit."[21] As a result, Plaintiff contends that "the bias of Weatherford and its employees is now squarely at issue, as are the methods by which Exxon has secured Weatherford's cooperation," entitling Plaintiff to the production of the unredacted emails and Weatherford's corporate deposition, so that Plaintiff can evaluate Weatherford's alleged bias and ulterior motives.[22] Plaintiff argues that he cannot obtain the emails from another source, and the work product privilege should be deemed waived.[23]

Exxon disputes Plaintiff's allegations of bias and collusion. Exxon contends that, after receiving Weatherford's document production in response to Plaintiff's subpoena, Exxon reached out to Weatherford and its counsel regarding Plaintiff's claims and possible defenses, which is not improper, as well to obtain information from Weatherford and the Siekkinen affidavit to support its summary judgment motion.[24] Exxon contends that the redactions at issue (as noted on its revised privilege log)[25] are comprised of only three lines of text, one line in each of three emails dated May 25, 2021, August 3, 2021, and October 14, 2021, which were exchanged between Exxon's counsel and its representatives and Weatherford's counsel, for the purposes explained

---

[21] R. Doc. 53-2, p. 8.
[22] R. Doc. 53-2, pp. 8-9 and see R. Doc. 48-6, Siekkinen affidavit; R. Doc. 60, Exxon's Motion for Leave to Correct, Strike, and Supplement, which sought leave to strike paragraphs 4, 6, 12 of Siekkinen's affidavit and to strike the Weatherford contracts with Exxon attached as Exhibit A to the affidavit, and to supplement the summary judgment motion with the Weatherford Contract as a standalone exhibit, see R. Doc. 48-12. See also R. Doc. 98, the Court's order striking the affidavit.
[23] R. Doc. 53-2, pp. 7, 13.
[24] R. Doc. 71, pp. 4, 8.
[25] Exxon's original privilege log was revised after the conference with the Court. R. Doc. 53-10 (original deficient log) and R. Doc. 71-4 (revised log). As noted on the log, Exxon also withheld production of two draft affidavits that were not used. R. Doc. 71-4, p. 3 and R. Doc. 71, pp. 4-5. However, Plaintiff does not appear to be seeking production of these documents.

5

above.[26] Exxon contends that the redactions are protected Fed. R. Civ. P. 26(b)(3) opinion work product, which are afforded a higher degree of protection, as they contain legal theories and litigation strategy. Exxon argues that the two exceptions to the privilege, the at-issue exception and the crime-fraud exception, do not apply and seeks *in camera* review of the emails.[27] Exxon also argues that, after production of the affidavit with it summary judgment motion,[28] Plaintiff deposed Siekkinen and had the opportunity to glean information in support of his claims of bias and collusion at that time. Exxon argues that it did not obtain Siekkinen's affidavit by improper means and has sought to strike the portions of Siekkinen's affidavit testimony that it subsequently learned was false.[29]

Regarding Weatherford's Fed. R. Civ. P. 30(b)(6) deposition, Exxon generally contends that the fact discovery deadline has been extended twice and Plaintiff has taken numerous depositions, but the second deadline of November 12, 2021 was limited by agreement to Exxon's corporate deposition and related discovery and did not reopen all discovery.[30] Further, Plaintiff's request for the corporate deposition of Weatherford was not made until the instant Motion.[31] Exxon contends that Plaintiff was aware that Weatherford had discoverable information far in advance of his November 12, 2021 request for the corporation deposition, as Plaintiff identified

---

[26] R. Doc. 71, p. 4 and *see* May 25, 2021 redacted email, Bates XOM 00003354 at R. Doc. 71-1, p. 85; August 3, 2021 email, Bates XOM 00003380 at R. Doc. 71-1, p. 111; and October 14, 2021 email, Bates XOM 00003332 at R. Doc. 71-1, p. 63. While not explicitly identified in the Motion, these appear to be the only redacted communications at issue, and *see* R. Doc. 53-2, pp. 6-7 (reproductions of the emails) and n. 13 (referencing the three redacted emails at R. Doc. 53-14). Further, Exxon contends that Plaintiff's allegation of "900 documents" is disingenuous, as there were only 67 discrete emails between Exxon and Weatherford. The production contained numerous duplicates. R. Doc. 71, pp. 7-8.
[27] R. Doc. 71, pp. 2, 4-9 and R. Doc. 72.
[28] R. Doc. 48, and *see* R. Doc. 48-6 (Siekkinen affidavit).
[29] R. Doc. 71, p. 6, n. 11 and *see* R. Doc. 60 (Exxon's Motion for Leave to Strike paragraphs 4, 6, 12 and Exhibit A to Siekkinen's affidavit) and R. Doc. 74-2 (Exxon's Reply). *See also* R. Doc. 98 (Order striking Siekkinen's affidavit).
[30] R. Doc. 71, pp. 2-3 and *see* R. Docs. 42-43 and 46-47 (joint motions to modify deadlines and orders granting same); R. Doc. 53-2, pp. 13-14 (Plaintiff's Memorandum, noting that the parties have engaged in several rounds of written discovery and taken 18 depositions).
[31] R. Doc. 71, pp. 3-4.

Weatherford employees as witnesses in his Fed. R. Civ. P. 26 initial disclosures and his May 23, 2019 responses to Exxon's discovery requests, subpoenaed documents from Weatherford that were produced on May 14, 2021, and deposed Siekkinen, a Weatherford employee.[32] Furthermore, Exxon argues that the deposition should not be permitted for the same reasons that the redacted emails should not be produced, *i.e.*, because Plaintiff's allegations of bias and collusion lack merit.[33]

In reply, Plaintiff contends that, to the extent that Exxon alleges that discovery was only re-opened for the taking of Exxon's corporate deposition, Exxon's communications with Weatherford were part of Exxon's October 6, 2021 corporate deposition, and Plaintiff requested those communications in the deposition notice (which is not attached to the Motion papers).[34] However, Exxon's corporate representative did not disclose the communications it had with Weatherford to obtain Weatherford's assistance in this case during the deposition, and then only produced the emails at issue two days before the November 12, 2021 discovery deadline.[35] Plaintiff thus contends that he did not have an opportunity to question Exxon's corporate representatives about the communications at issue. Further, Plaintiff did not depose Weatherford sooner because Exxon "hid the ball" as to Weatherford's involvement, so Plaintiff was unaware

---

[32] R. Doc. 71-2, pp. 2, 4 (Plaintiff's discovery responses identifying 10 Weatherford employees as persons with knowledge of his claims) and R. Doc. 71-3 (Weatherford's response to Plaintiff's subpoena. Exxon contends that Weatherford produced 869 documents to Plaintiff, which were not attached because they are voluminous. Weatherford's cover letter to Plaintiff references production of 863 documents). *See also* R. Doc. 71-5 (cover page of Siekkinen's deposition transcript). Plaintiff's initial disclosures were not filed with the Motion papers.
[33] R. Doc. 71, pp. 9-10.
[34] R. Doc. 83, p. 1. While the reply brief references attached exhibits, apparently including requests for documents in the Exxon corporate deposition notice, they were not attached to the reply brief Plaintiff sought leave to file in the record (R. Doc. 76), although they may have been attached to the reply brief that Plaintiff moved to strike. R. Doc. 73 and R. Docs. 75, 79. The record reflects that Plaintiff also timely sought communications between Exxon and Weatherford in discovery requests propounded in January 2019. R. Doc. 53-3, p. 7, Request for Production No. 30. According to Plaintiff's Opposition to Exxon's Motion to Strike and attached exhibits, Exxon produced information on or about April 5, 2019 but did not supplement its production until Plaintiff asked it to do so in early November 2021. R. Doc. 64, p. 4, R. Doc. 64-1, pp. 2-4, and R. Doc. 64-2, pp. 1-2.
[35] R. Doc. 83, pp. 1-2.

that bias and collusion were at issue. Plaintiff also contends that it requested Weatherford's deposition just prior to filing the Motion, during a conference with counsel.[36]

Regarding the redacted emails, which are the only items expressly sought by Plaintiff, Fed. R. Civ. P. 26(a)(3) provides, in pertinent part: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."[37] Pursuant to Local Rule 26(c), "A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: name of the document, electronically stored information, or tangible things; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege."[38] During the conference, the Court noted the insufficiency of Exxon's initial privilege log and ordered Exxon to provide a revised privilege log to Plaintiff, "which contains the required information **so that Plaintiff can determine if a valid privilege exists**."[39] The Order referenced prior authority from this Court as guidance regarding privilege logs.[40] Exxon then provided the revised privilege log to Plaintiff,[41] which provided more detailed information and continued to assert work product privilege over the three redacted lines.

---

[36] R. Doc. 83, p. 2. There is no documentation of this conference attached to the Motion papers.
[37] *See Aiken v. Texas Farm Bureau Mut. Ins. Co.*, 151 F.R.D. 621, 623 (E.D. Tex. 1993) ("The work product privilege exists to promote the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients. *Hickman v. Taylor,* 329 U.S. 495, 510–11, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947); *Shields v. Sturm, supra.* The privilege extends qualified immunity to 1) 'documents or tangible things,' 2) 'prepared in anticipation of litigation or for trial,' 3) 'by or for another party or by or for that other party's representative.' Fed. R. Civ. P. 26(b)(3)….") (other citations omitted).
[38] *Firefighters' Ret. Sys. v. Citco Grp. Ltd.,* No. 13-373, 2018 WL 305604, at *6 (M.D. La. Jan. 5, 2018) citing Local Rule 26(c).
[39] R. Doc. 65, p. 2 (emphasis added).
[40] R. Doc. 53-10 (privilege log). *See* R. Doc. 65, p. 2 and citing this Court's ruling in *Firefighters' Ret. Sys.,* 2018 WL 305604 for guidance regarding privilege logs.
[41] R. Doc. 71-4 and *see* R. Doc. 71, p. 5, averring that Exxon produced the revised log to Plaintiff on December 3, 2021 as ordered, which Plaintiff does not dispute.

As Exxon points out, Plaintiff does not argue that the redactions are not attorney work product; rather, Plaintiff initially, and only briefly, argued in the Motion that the Exxon waived the privilege, but then failed to address the issue in reply (or via separate motion).[42] However, the issue of whether Exxon waived the privilege, or the applicability of the privilege is not reached, because Exxon's revised privilege log was not challenged by Plaintiff as required.[43] As such, the revised log and Exxon's assertion of privilege stand unchallenged and Plaintiff's request for these unredacted emails is denied.[44]

Plaintiff's request for the Fed. R. Civ. P. 30(b)(6) deposition of Weatherford is alleged to have been made some time after Plaintiff received Exxon's November 10, 2021 production, but before the Motion was filed. While Plaintiff repeatedly alleges prejudice in Exxon's tardy production of the documents, and claims that Exxon "hid" the ball about its communications with Weatherford regarding this case such that Plaintiff was misled, Plaintiff listed Weatherford employees as persons with knowledge of his claims in his May 2019 responses to discovery, obtained subpoenaed documents from Weatherford in May of 2021, and was obviously aware of

---

[42] R. Doc. 53-2, p. 9 and *see* R. Doc. 83 (reply brief, filed 14 days after the revised privilege log was provided but which does not address the privilege log).

[43] The parties were cited to the *Firefighters*' case during the telephone conference, which explains that "this court will not consider an i*n camera* review of the documents listed on the … privilege log without first determining the sufficiency of the log descriptions." 2018 WL 305604 at *3 n.11, citing *King v. University Healthcare System, L.C.*, 645 F.3d 713, 721 (5th Cir. 2011) (finding district court did not err in refusing to conduct a full *in camera* review of documents listed on privilege log when log set forth sufficient descriptions and plaintiff "offered only speculation that the e-mails are not covered by privilege because they were made for a purpose other than obtaining legal advice."). Plaintiff was, again, put on notice that the necessary first step to obtaining the documents he seeks to compel was evaluation of the sufficiency of the privilege log when Exxon's request for *in camera* review was denied because Plaintiff had not challenged the revised log. R. Doc. 86: "…The request for in camera review is DENIED. A revised privilege log has been provided to Plaintiff, but **Plaintiff has not challenged via written motion the sufficiency of the revised log or the applicability of the privileges asserted.** See Firefighters' Retirement System, et al. v. Citco Group Limited, et al., No. 13-373, 2018 WL 305604, at *1 (M.D. La. Jan. 5, 2018) (in camera review appropriate only if privilege log is deficient)." (emphasis added).

[44] Were an i*n camera* review of the three redacted lines conducted (R. Doc. 72-1), the privilege would be maintained as the redactions do relate to brief references to defense strategy.

Weatherford as his employer well before the case was filed.[45] Therefore, Plaintiff had ample time to depose Weatherford prior to the applicable August 27, 2021 fact discovery deadline (*see below* for more on this point).[46] Indeed, while this Court noted Plaintiff's allegations of prejudice, apparently related to Exxon's late production of the emails with Weatherford, it still held: "that Plaintiff has not been prejudiced by the timing of the events leading up to the *Motion* at issue. The record demonstrates that Plaintiff identified Siekkinen early in the discovery process, and Plaintiff has long been aware of the relationship and contracts between Defendant and Weatherford."[47] While this finding was made in consideration of whether to strike Siekkinen's affidavit and Exxon's request to supplement its summary judgment with the Exxon/Weatherford contract, it applies with equal force here.[48] Plaintiff was aware of Weatherford and its potential knowledge before the applicable deadline, and Plaintiff deposed Siekkinen and was given the opportunity to traverse the affidavit (which has since been stricken).[49] Therefore, Plaintiff's motion to compel the Fed. R. Civ. P. 30(b)(6) deposition of Weatherford will be denied as untimely.

---

[45] Although Exxon has not provided an explanation for its tardy production of communications between it and Weatherford that were previously requested by Plaintiff in discovery, as noted by this Court, the tardiness did not unduly prejudice Plaintiff because he has long known of Weatherford. R. Doc. 98, pp. 6-7. However, Exxon is reminded of its Fed. R. Civ. P. 26(e) obligation to timely supplement its discovery responses and document production.
[46] The deadline for fact discovery as it relates to Weatherford's deposition was August 27, 2021. As discussed below, the fact discovery deadline was extended to November 12, 2021 for the taking of Exxon's corporate deposition and related discovery, which does not encompass Weatherford's deposition. Therefore, Plaintiff's November 2021 request for the deposition was untimely, in light of Plaintiff's prior knowledge of Weatherford.
[47] R. Doc. 98, pp. 6-7 and *see* p. 3 (noting the timing of the production). This also defeats Plaintiff's argument that Weatherford's corporate deposition should proceed because it was allegedly part of Exxon's corporate deposition.
[48] As noted above, the unredacted emails do not show collusive conduct between these parties for the purpose of apportioning fault to Weatherford. Further, while Siekkinen's affidavit was stricken, the district judge declined to do so on the basis that the affidavit was a sham or as Fed. R. Civ. P. 12(f) "scandalous matter," as urged by Plaintiff, which would fall in line with collusive behavior. Rather, the affidavit was stricken because it was "carelessly" filed by Exxon, who failed to properly vet it, including ensuring that Siekkinen had personal knowledge of his attestations. R. Doc. 98, p. 7.
[49] R. Doc. 98.

### C. Plaintiff's Request for the Wesley and Cleveland Depositions Will Be Denied

On October 18, 2021, after Exxon's corporate deposition, Plaintiff sought to depose current Exxon employee Wesley, and retired Exxon employee Cleveland (as well as Munksgaard, who has since been deposed).[50] Exxon objected to the depositions. Thereafter, the parties discussed a stipulation that would obviate the need for the depositions but could not reach an agreement. Plaintiff reiterated the deposition request, but Exxon's response was that these employees were "too high up" to be deposed.[51]

Plaintiff seeks "to question these witnesses regarding emails they sent in the aftermath of the incident," regarding "Weatherford's handling of Mr. Olivier's injuries and the classification of Mr. Olivier's injuries for governmental reporting purposes."[52] Plaintiff contends that the depositions are relevant because Exxon seeks to present evidence at trial regarding the actions/inactions of governmental entities, and the cited emails among these witnesses reference "LTI," which is an injury reporting classification to governmental entities. Plaintiff also contends that the depositions may have bearing on Plaintiff's allegations of collusion, as Plaintiff contends that the emails reflect that Wesley encouraged other employees to put pressure on Weatherford. Lastly, Plaintiff contends that leave of Court is necessary pursuant to Fed. R. Civ. P. 30(a)(2) because more than ten depositions have already been taken, although the burden on Exxon for these depositions is low because they will be conducted via Zoom and will last for only thirty minutes.[53]

---

[50] R. Doc. 53-11. Cleveland retired in 2019. R. Doc. 71, p. 2. *See* R. Doc. 85 (Order finding request for Munksgaard deposition moot in light of Plaintiff's R. Doc. 69 motion to withdraw the request to compel it).
[51] R. Doc. 53-2, pp. 9-10.
[52] R. Doc. 53-2, pp. 10-11 and *see* the emails reproduced in the brief at *id.* p. 12 and at R. Doc. 53-13.
[53] R. Doc. 53-2, pp. 12-13.

Exxon counters that the deposition requests are untimely. Specifically, Exxon produced the referenced emails involving Wesley and Cleveland in April 2019, and Plaintiff had until the August 27, 2021 extended fact discovery deadline to depose them.[54] Exxon contends that while the parties jointly sought a second extension of the fact discovery deadline, it was not for all purposes; rather, it was for an extension "to complete the [Exxon] corporate deposition [which was set for October 6, 2021] and related discovery," as per their agreement.[55] Exxon thus contends that the most recent fact discovery extension does not encompass the requests for the Wesley and Cleveland depositions.[56] Exxon reiterates that there is no evidence of bias or collusion to support the depositions.[57] In reply, Plaintiff contends that he timely requested the depositions, and reiterates that the late document production, the alleged collusion between Exxon and Weatherford, and the short length of the Zoom depositions support the request.

After the case was re-opened, the fact discovery deadline was extended to August 27, 2021 on joint motion of the parties.[58] The parties then sought a second extension, which was granted and an amended Scheduling Order was issued. November 11, 2021, a Court holiday, was set as the deadline to both file and complete all discovery motions and to complete expert discovery, as the parties had also jointly requested an extension to submit the reports of their liability experts.[59] However, and as noted during the parties' telephone conference with the Court, the stated basis for the second joint motion to extend the fact discovery deadline was "to complete the corporate

---

[54] R. Doc. 71, pp. 4, 10 and R. Doc. 43.
[55] R. Doc. 71, pp. 3, 10 and R. Doc. 46.
[56] R. Doc. 71, p. 10 and R. Doc. 46 (joint motion to extend the deadlines) and R. Doc. 47 (order granting same).
[57] R. Doc. 71, p. 10.
[58] R. Docs. 42-43 and *see* R. Doc. 31 (order granting motion to re-open case).
[59] R. Docs. 46-47. The second Joint Motion to Modify Pretrial Deadlines is somewhat confusing because it stated that the parties sought the fact discovery extension specifically for the October 6, 2021 Exxon corporate deposition, yet the deadline suggested in the table for all fact discovery was November 11, 2021. R. Doc. 46, p. 2. The November 11, 2021 date appears to relate to the timing of the exchange of expert reports (also listed in the table). In any case, the Joint Motion to Modify explicitly limited the fact discovery extension "to complete the corporate deposition and related discovery."

deposition and related discovery," and not for the purposes of any additional discovery.[60] The grounds for the Cleveland and Wesley depositions, premised upon alleged collusion and bias, are not "related" to the already-completed corporate deposition.

While the Court generally noted during the conference that thirty minute Zoom depositions are not onerous and that Wesley and Cleveland appeared to have engaged in discussions relevant to the Accident, the matter was not fully briefed at that time. It is now clear from the record that Plaintiff has known of these emails for long enough to have already deposed these individuals, if he wished to do so. Exxon contends, and significantly, Plaintiff does not dispute, that Exxon provided the emails at issue in April 2019.[61] Plaintiff's May 2019 discovery responses likewise list both Cleveland and Wesley as persons who may have knowledge of facts related to Plaintiff's claims, and thus Plaintiff was aware of these individuals long before the August 27, 2021 discovery deadline. Plaintiff has not shown Fed. R. Civ. P. 6(b) excusable neglect to support an extension of that deadline.[62] Furthermore, Plaintiff has already deposed four other Exxon employees who were also copied on the referenced emails, *i.e.*, Erik Case, Jacob Kamps, Tomas Paez, and Angus Lam.[63] Plaintiff admits that the parties have engaged in at least 18 depositions and several rounds of written discovery,[64] and discovery must come to a close so that the case can proceed to resolution. The belated requests for the depositions of Wesley and Cleveland will be denied.

### III. CONCLUSION

Plaintiff failed to challenge Exxon's revised privilege log, and Plaintiff's requests for the depositions of Weatherford, Bryan Wesley, and Randy Cleveland are untimely.

---

[60] R. Docs. 46, pp. 1-2 and R. Doc. 65, p. 3.
[61] R. Doc. 71-2, pp. 4, 10.
[62] R. Doc. 71-2, pp. 5-6.
[63] R. Doc. 53-2, pp. 13-14. *See also* R. Doc. 53-13, R. Doc. 53-4 (portions of Kamps' deposition transcript), R. Doc. 53-5 (portions of Lam's deposition transcript) and R. Doc. 53-8 (portions of Case's deposition transcript).
[64] R. Doc. 53-2, pp. 13-14.

Accordingly,

**IT IS ORDERED** that the Motion to Compel Discovery, for Leave to Take Outstanding Fact Depositions, and to Extend Discovery for the Completion of Outstanding Discovery,[65] filed by Plaintiff Billy D. Olivier, is **DENIED.**

Signed in Baton Rouge, Louisiana, on May 2, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[65] R. Doc. 53.