## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

BILLY D. OLIVIER                                    CIVIL ACTION NO.

VERSUS                                              18-CV-568-SDD-EWD

EXXON MOBIL CORPORATION

### RULING

Before the Court are several pretrial evidentiary Motions urged by the Defendant, Exxon Mobil Corporation ("Exxon" or "Defendant").  Plaintiff, Billy D. Olivier ("Olivier" or "Plaintiff") has filed Oppositions to which Exxon has replied. The contested Motions before the Court are the *Motion in Limine to Exclude All Evidence of Subsequent Remedial Measures*[1]; *Motion in Limine to Exclude References to Prior Unrelated Incident*[2]; *Motion in Limine to Exclude All Evidence of OSHA Regulations*[3]; *Motion in Limine (Omnibus)*.[4]

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a trip and fall. On September 23, 2017, while working on board Exxon's Lena Platform, the Plaintiff alleges he was injured when he tripped and fell while walking on a rig skid beam located on the Lena Platform. The rig skid beam contained numerous rectangular cutouts, referred to as lug slots. Plaintiff alleges that, while walking on the rig skid beam, his foot slipped into one of the lug slots causing him to fall and sustain injury. At the time of the incident, Plaintiff was employed Weatherford

---

[1] Rec. Doc. 100; Opposition at Rec Doc. 116; Reply at Rec. Doc. 133.
[2] Rec. Doc. 101; Opposition at Rec Doc. 118; Reply at Rec. Doc. 131.
[3] Rec. Doc. 102; Opposition at Rec Doc. 117; Reply at Rec. Doc. 132.
[4] Rec. Doc. 103; Opposition at Rec Doc. 119; Reply at Rec. Doc. 130.

International, LLC, as an Operator 2, or roustabout. Weatherford was an Exxon contractor engaged by Exxon to perform plugging and abandonment operations on the Lena Platform.

## II.    Motion to Exclude Subsequent Remedial Measures

Exxon moves to exclude all evidence of any modifications made to the rig skid beam after the accident occurred.[5] Exxon argues that the documents and photographs prepared by Exxon after the September 23, 2017 incident are inadmissible under Rule 407 because they are subsequent remedial measures.[6] Exxon also moves to exclude documents in which Exxon's agents or employees referred to the rig skid beam as a "walkway."[7] Exxon seeks total exclusion of the subject documents, arguing that mere redaction of the photographs of remedial measures contained in these documents will unfairly prejudice the jury.[8]

In response, Plaintiff argues that Exxon's official corporate position is that the plywood and other additions made to the rig skid beam after his accident were not remedial measures and, thus, the invocation of Rule 407 is improper. Plaintiff further argues that the social policy underlying Rule 407 is not advanced by its application here because Exxon did not take subsequent measures out of a sense of social responsibility but rather because the changes were required by law.[9] Plaintiff argues that the evidence sought to be excluded is admissible to impeach Exxon's assertions that the rig skid beam as not a walkway[10] and to impeach Exxon's assertion that the hazard encountered by

---

[5] Rec. Doc. No. 100-1, p. 1.
[6] Rec. Doc. No. 133, pp. 4-5
[7] *Id.* at p. 5.
[8] *Id.*
[9] Rec. Doc. No. 116, p. 6.
[10] *Id.* at pp. 8-9.

Plaintiff was "open and obvious."[11] Furthermore, Plaintiff argues that post-accident investigations do not fall within the scope of Rule 407 remedial measures because the investigation, reports, and subsequent modifications to the rig skid beam made by Exxon after the incident were required by law.[12] Plaintiff asserts a variety of other purposes for this evidence, including knowledge of a dangerous condition, the obviousness of said condition, contributory negligence, feasibility, control, etc., that are subsidiary issues for which evidence of subsequent remedial issues is admissible.[13] Finally, Plaintiff argues that the documents pertaining to Exxon's analysis and investigation of the accident do not fall within the scope of Rule 407, and only implemented changes should be considered subsequent remedial measures.[14]

In reply, Exxon asserts that the changes it made fall squarely within the scope of Rule 407 notwithstanding any characterizations made by Exxon representatives in depositions.[15] Exxon argues that the measures it implemented after Olivier's accident were intended to make that kind of injury less likely to occur in the future and therefore the social policy goals of Rule 407 are achieved by its application here.[16] Finally, Exxon requests this Court defer ruling on the admissibility of these documents to rebut Exxon's open-and-obvious defense until the issue is raised at trial.[17]

The text of Federal Rule of Evidence 407 provides:

When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

---

[11] Rec. Doc. No. 16, p. 15.
[12] *Id.* at pp. 6-8.
[13] *Id.* at pp. 15-16.
[14] *Id.* at p. 17.
[15] Rec. Doc. No. 133, p. 4.
[16] *Id.* at pp. 2-3.
[17] *Id.* at p. 6.

• negligence;
• culpable conduct;
• a defect in a product or its design; or
• a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

"Rule 407 does not preclude the admission of subsequent remedial measures on grounds other than to prove culpability."[18] Plaintiffs first argument is that the evidence does not fall within the scope of Rule 407 because, in depositions, Exxon representatives have denied that the measures taken following the incident were taken to mitigate risks or prevent hazards.[19] Defendant's response is that Rule 407 concerns injuries and harms, not hazards and risks.[20] Defendant does not explain how this nuanced terminology affects the applicability of Rule 407. It is undisputed that Exxon representatives denied that the rig skid beam and the lug slots presented a hazard or risk. The photos and documents may be probative to impeach that assertion. In addition to likely admissibility as impeachment evidence, the Court concludes that FRE 407 does not bar admissibility for the following reasons.

Plaintiff's second argument is that Exxon's post-accident measures were taken to comply with legal mandates, not out of a sense of social responsibility, and that the invocation of Rule 407 in these circumstances is inappropriate under Fifth Circuit precedent.[21] Plaintiff argues the investigation and findings prepared by EXXON were mandated by federal regulations[22] requiring Exxon to address the nature of the incident,

---

[18] *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 429 (5th Cir. 2006).
[19] Rec. Doc. No. 116, pp. 3- 6.
[20] Rec. Doc. No. 133, pp. 1-2.
[21] Rec. Doc. No. 116, pp. 6-8.
[22] 30 C.F.R. §250.1919.

contributing factors, and recommended changes.[23] The Court agrees that the post-accident investigation conducted by Exxon was required by federal regulations.[24] Furthermore, post-accident investigations, "which by themselves do not make the accident less likely to occur" do not fall within the literal exclusionary ambit of FRE 407.[25] The Court finds that the post-accident investigation is not excluded by FRE 407. Exxon's Motion to exclude evidence of post-accident investigation is DENIED.

Plaintiff argues the plywood decking added to the rig skid beam after Plaintiff's accident were required by law as well,[26] and thus does not warrant the application of Rule 407. In response, Defendant raises an argument about the legal terminology in the federal regulations cited by Plaintiff.[27] Defendant asserts that the Coast Guard regulations cited by Plaintiff apply to decks, not equipment, and Defendant maintains that the rig skid beam is equipment.[28] If this Court finds that this regulation did legally bind Defendant and required the actions taken by Defendant following the incident, then Fifth Circuit precedent does support the admission of that evidence. The Fifth Circuit has held that invoking rule 407 to justify exclusion of evidence is "particularly inappropriate" when the actions were taken "not out of a sense of social responsibility but because the remedial measure was to be required in any event by a superior authority."[29] The Fifth Circuit counsels that changes made to improve a product, or as Exxon contends, a piece of equipment, "as distinguished from remedial measures that make an 'injury or harm less

---

[23] Rec. Doc. No. 116, p. 7.
[24] Note 22, *supra.*
[25] *Brazos,* 469 F.3d at 431
[26] Rec. Doc. No. 116, p. 8.
[27] Rec. Doc. No. 133, pp. 2-3.
[28] *Id.*
[29] *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1343 (5th Cir. 1978); *see also, Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 740 (5th Cir. 2020).

likely to occur,' is not barred by the rule."[30] Notably, Exxon denies that the plywood decking was added subsequent to the Plaintiff's accident "to eliminate any risks or hazards with the rig skid beam or the jack lug slots."[31] Hence, it was not a measure taken to make "injury or harm less likely to occur." The Motion to exclude evidence of the plywood decking added to the rig skid beam is DENIED.

### III.    Motion to Exclude References to Prior Unrelated Incident

Plaintiff intends to offer evidence of another alleged accident producing injury (the "Landry" accident) on the Lena platform that occurred approximately one month prior to Plaintiff's accident. Defendant moves to exclude evidence of this prior accident as irrelevant owing to a lack of substantial similarity between the two incidents, and Exxon further urges exclusion under FRE 403, arguing that the prejudice outweighs any probative value.  Exxon argues that the Landry accident did not involve the lug slots or the use of the rig skid beam as a walkway. Exxon argues that "Landry apparently rolled his ankle while stepping off the skid beam, but there is no evidence that he was using the beam as a walkway or that he stepped into a lug slot."[32] Exxon argues that the evidence cannot support an inference that the rig skid beam was being used as a walkway and, at best, can only support an inference that the rig skid beam was walked upon/crossed over.[33] Exxon's incident report of the Landry accident states that Landry "'grabbed a wire rope sling off it[s] rack and turn[ed] to walk back to rig v-door. When turning, [he] missed his footing on the edge of [a] platform rig skid beam, rolling his ankle.'"[34] A review of the

---

[30] *Novick*, 946 F.3d at 739 (quoting *Brazos*, 469 F.3d at 428).
[31] Rec. Doc. No. 116, p. 4 (quoting Erik Case, corporate representative depo., 103:04-104:15).
[32] Rec. Doc. No. 101-1, p. 2.
[33] Rec. Doc. No. 131, pp. 2-3.
[34] Rec. Doc. No. 101-1, p. 3 (quoting Billy Landry Incident Report & Emails, at XOM000010).

documents lead this Court to conclude that the Landry accident occurred when Landry was walking on or over the rig skid beam when he lost his footing.

The Fifth Circuit has held that, "[w]hen evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar' to the facts and circumstances at issue.[35] Moreover, even when a substantial similarity of circumstances is established, the district court has broad discretion to exclude such evidence under Rule 403 of the Federal Rules of Evidence."[36]

Plaintiff submits evidence that the Landry accident is being offered for the purpose of showing Exxon's notice that the rig skid beam was used as walkway and notice that the rig skid beam was a slipping hazard.[37] Plaintiff argues for the relaxed standard of similarity when evidence is offered to show notice.[38] When evidence is offered solely to show notice, the proponent of such evidence must establish reasonable similarity.[39]

Ruling on this issue is deferred to trial. The Court will conduct a hearing outside the presence of the jury to examine the proposed evidence and determine the probative value as weighed against the potential for prejudice. The hearing will be conducted at a mutually agreeable date and time during the trial, outside the presence of the jury.

## IV.    Motion to Exclude All Evidence of OSHA Regulations

The parties agree that Bureau of Safety and Environmental Enforcement (BSEE) and the United States Coast Guard (USCG) had jurisdiction over the Lena platform and

---

[35] *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993)(quoting *McGonigal v. Gearhart Industries, Inc.*, 851 F.2d 774, 778 (5th Cir.1988); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082–83 (5th Cir.1986)).
[36] *Id*. at 579 (citing Fed.R.Evid. 403).
[37] Rec. Doc. No. 118, p. 3.
[38] *Id*. at p. 4.
[39] *Johnson*, 988 F.2d at 580 (citing *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir.1989)).

that OSHA does not have regulatory authority over the Lena platform.[40]   Plaintiff has identified various OSHA regs which define the term "hole" in occupational contexts. Exxon's steadfastness in denying that the lug slots encountered by Plaintiff are not "holes" motivated Plaintiff to seek legal definition of the term "holes," thus the OSHA regs now in dispute.[41]  The Court is persuaded that if Exxon persists in its argument that the lug slots are not holes, the OSHA regs may be used for impeachment - not substantive - evidence. This Motion is deferred to trial.

**V.    Omnibus Motion *in Limine***

A.  Cumulative Evidence

Exxon moves *in limine* to exclude cumulative testimony, photos, and videos under FRE 403.[42] Exxon also moves to exclude medical illustrations[43] as "unnecessarily graphic and inflammatory" and argues that the "illustrations are cumulative of information already contained in Plaintiff's medical records."[44] This Motion is deferred to trial. Exxon's objections are reserved and may be urged at trial.

B.  Motion to preclude Plaintiff from using the terms "open hole hazard"

Exxon argues that, "[u]nder Rule 403 of the Federal Rules of Evidence, Plaintiff should be precluded from making any misleading references at trial to the lug slots on the rig skid beam as an "open hole hazard."[45] This Motion is DENIED for the reasons given by the Court in its Ruling[46] denying the Motion *in Limine* of Plaintiff's liability experts.

---

[40] Rec. Doc. No. 117, p. 1
[41] *Id.* at pp. 1-2.
[42] Rec. Doc. No. No. 103.
[43] *See* Rec. Doc. No. 103-8.
[44] Rec. Doc. No. 103-1, p. 4.
[45] *Id.* at p. 5.
[46] Rec. Doc. No. 94.

C.  Motion to preclude use of images of sites other than the Lena Platform

Exxon moves to exclude Plaintiff's Exhibit 81 which purports to be an "image of another skid beam with welded jack lug slots."[47] The Motion is GRANTED on the grounds of FRE 401 and 403.

## VI.    CONCLUSION

Exxon's *Motion Limine to Exclude All Evidence of Subsequent Remedial Measures* [48] is DENIED. Exxon's *Motion to Exclude References to Prior Unrelated Incident*[49] is DEFERRED and will be set for hearing outside the presence of the jury. Exxon's *Motion in Limine Exclude All Evidence of OSHA Regulations*[50] is DENIED without prejudice. Objections are reserved and deferred to the time of trial. Exxon's *Motion in Limine (Omnibus)*[51] is GRANTED in Part and DENIED in part as follows: the motion to exclude cumulative evidence is DENIED without prejudice to re-urging at the time of trial; the motion to preclude Plaintiff from using the terms "open hole hazard" is DENIED; the motion to exclude Plaintiff's Exhibit 81 is GRANTED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 28th day of July, 2022.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[47] Rec. Doc. No. 103-1, p. 6.
[48] Rec. Doc. No. 100.
[49] Rec. Doc. No. 101.
[50] Rec. Doc. No. 102.
[51] Rec. Doc. No. 103.