**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

BILLY D. OLIVIER                                                  CIVIL ACTION NO.

VERSUS                                                              18-CV-568-SDD-EWD

EXXON MOBIL CORPORATION

## RULING

Before the Court are pretrial evidentiary Motions urged by the Plaintiff, Billy D. Olivier ("Olivier" or "Plaintiff").[1] Defendant, Exxon Mobil Corporation ("Exxon" or "Defendant") has filed Oppositions.[2] The contested Motions before the Court are the *Motion in Limine No. 1 Regarding Speculative Testimony and Hearsay about the Actions or Inactions of Federal Agencies*[3] and the *Motion in Limine No. 3 to Exclude Argument, Testimony, and Evidence.*[4]

The Court will not reiterate the factual or procedural background, which has been previously set forth in prior Rulings.[5]

### I.    Motion *in Limine* No. 1 to Exclude Evidence of past admonishments and/or citations by regulatory agencies

The Lena Platform, operated at relevant times by Exxon, and the site of the accident sued upon, is subject to regulation and oversight by the Bureau of Safety and Environmental Enforcement (BSEE) and the United States Coast Guard (USCG). Exxon

---

[1] Rec. Docs. 104 and 106.
[2] Rec. Docs. 113 and 115.
[3] Rec. Doc. 104.
[4] Rec. Doc 106.
[5] Rec. Docs. 94, 125, 138.

has identified as Exhibits for trial citations and admonishments issued or reported to Exxon by BSEE and the USCG prior to the Plaintiff's accident. Plaintiff moves for exclusion of this evidence on the grounds of relevance and hearsay.

### A. Exxon Exhibit 19

Exxon Exhibit 19 are records of Incidents of Non-Compliance ("INCs") issued to Exxon by BSEE. Only two of the INCs[6] arose from inspections which occurred after the Lena Platform was being decommissioned, the subject work when the subject incident occurred. The Court finds that the INCs which predate the decommissioning work which was ongoing when the Plaintiff was injured are irrelevant and shall be excluded.

As for the September and October 2017 INCs,[7] Plaintiff argues these are likewise irrelevant, more prejudicial than probative and are inadmissible hearsay. As to relevance, Exxon counters that the Plaintiff has placed Exxon's compliance with federal regulations squarely at issue. Exxon cites the following pleadings filed by Plaintiff:[8]

- Pre-Trial Order, R. Doc. No. 91, at 3-4 (in section labeled "Plaintiff's Claims," Plaintiff refers to Exxon's alleged noncompliance with federal regulations, stating "Exxon disregarded the federal mandates," "Exxon again disregarded federal regulations," etc.);
- Plaintiff's Opposition to Exxon's Motion for Summary Judgment, R. Doc. No. 57, at 13 (". . . Exxon deliberately hid information from BSEE and the USCG") and at p. 15 (arguing that Exxon was cited by BSEE in 2015 for a deck opening on another portion of Lena Platform).

Exxon argues that "these documents are probative of questions placed directly at issue by Plaintiff, including whether Exxon was or should have been on notice of hazards associated with the rig skid beam or the lug slots (and, relatedly, whether Exxon "hid"

---

[6] Rec. Doc. 104-4, XOM00002804 – October 2017 INC regarding H2S drills and XOM00002751-000054 – September 2017 INC relating to blow-out preventer.

[7] *Id.*

[8] Rec. Doc. 113.

these hazards from government regulators)."[9]  Exxon maintains the relevance of the INCs arguing that they "show that, despite numerous inspections by government regulators over several years, neither BSEE nor the Coast Guard ever identified the rig skid beam or the lug slots as a safety concern—another fact that bears directly on what Exxon should have known and, relatedly, on whether Exxon breached a duty to Plaintiff."[10]

On the hearsay objection Exxon argues that the INCs are not offered for the truth of the matter asserted.[11] Exxon argues the INCs are admissible to "corroborate witness testimony concerning the scope and frequency of BSEE and Coast Guard inspections on the platform, or to show why Exxon did not have reason to consider the rig skid beam or lug slots a hazard."[12] In any event, Exxon advocates that the INCs come in as substantive evidence under the Public Records exception to the rule against hearsay, FRE 803(8). Plaintiff counters that the INCs do not meet the public records exception because they do not contain "factual findings from a legally authorized investigation" and lack trustworthiness.[13] Plaintiff cites replete caselaw which supports the proposition that INCs are inadmissible legal conclusions, are not records of factual findings, and lack indicia of trustworthiness.[14]

---

[9] *Id.* at p. 3.
[10] *Id.*
[11] A statement only constitutes hearsay where "a party offers [it] in evidence to prove the truth of the matter asserted in the statement." FRE 801(c)(2).
[12] Rec. Doc. 113, p. 4.
[13] FRE 803(8).
[14] *Mays v. Chevron Pipe Line Co.*, 2019 WL 244327 (W.D. La. Jan. 16, 2019); *Lacey v. Arkema Inc.,* 2014 WL 1327792, at *5 (M.D.La.,2014); *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 2016 WL 9414349, at *3-4 (E.D. La. June 17, 2016); *Warner v. Talos ERT LLC*, 2022 WL 534311, at *3 (W.D. La. Feb. 22, 2022) (Cain, J.); *Matter of Lasala*, 2021 WL 5763778 (E.D. La. June 15, 2021) (Vitter, J.); *Thibodeaux v. WellMate*, 2014 WL 1329802 (E.D. La. Mar. 31, 2014) (Morgan, J.); *Mendez v. Poitevent*, 2014 WL 12639318 (W.D. Tex. Sep. 30, 2014) (Moses, J.).

After reviewing the subject INCs, proposed to be offered as Exxon Exhibit 19, the Court GRANTS the Plaintiff's Motion and excludes Exhibit 19 for the following reasons:

The INCs, which pre-date the work being undertaken at the time of the subject incident[15] (decommissioning of the LENA Platform), are irrelevant and on balance would risk juror confusion, such that the prejudice outweighs any marginal probative value; they shall be excluded.

The INC dated 9/28/2017 (XOM00002751 and XOM00002754) does not contain factual findings; rather it contains conclusions of regulatory violations; thus, as legal conclusions, they do not fall within the Public Records exception to the hearsay rule, FRE 803(8). Exxon's responses to the INCs (XOM00002752 and XOM00002753) are inadmissible hearsay. Furthermore, the Court is persuaded that the risk of juror confusion outweighs the probative value. Plaintiff's Motion *in Limine* is GRANTED, and Exxon Exhibit 19 shall be excluded.

## B. Exxon Exhibit 17

Exxon Exhibit 17[16] are records of a US Coast Guard Facility Inspection of the Lena Platform on Jan 30, 2017. The report documents one INC, namely a leaky fire pump flange. Proposed Exhibit 17 documents Exxon's repair of the condition noted. For the same reasons applicable to Exxon's proposed Exhibit 19, the Plaintiff's Motion is GRANTED and Exhibit 17 shall be excluded.

---

[15] Bates #s XOM 00002755-XOM00002766.
[16] Rec. Doc.104-5 (Bates #s XOM00001583, XOM00003154-3161).

II.    **Motion *in Limine* No. 3**[17]

    A.  **Motion to Exclude evidence and reference to LHWCA benefits**

Plaintiff moves to exclude any and all references to his entitlement to LHWCA benefits pursuant to FRE 402 and 403 and on hearsay grounds.  Exxon submits it "does not intend to reference Plaintiff's workers' compensation claim or benefits at trial."[18] Specifically, Plaintiff moves to exclude Exxon Exhibit Nos. 2, 4, 23, 24[19] as referencing LHWCA benefits or claims. This Motion is DENIED, and all objections are reserved and deferred to trial. Exxon shall redact all references to worker's compensation claims/benefits. In all other respects, admissibility will be decided at the time trial.

    B.  **Motion to Exclude Exxon's Exhibit No. 7 (WFT000363-000383)**

Plaintiff moves to exclude Exxon Exhibit No. 7, Plaintiff's employee evaluations. Plaintiff argues that these employee evaluations "contain handwritten markings and statements of Weatherford personnel that amount inadmissible opinions of lay persons that are reserved for medical professionals. The documents and any related testimony infringing upon medical expertise should not be allowed under Rule 701."[20] Exxon responds that the employee evaluations are admissible under FRE 701, arguing that "a lay witness may testify to opinions that are rationally based on the perception of that witness, helpful to a factual determination, and not based on scientific, technical, or

---

[17] Rec. Doc. 106.
[18] Rec. Doc. 115, p.1.
[19] The Pretrial Order (Rec. Doc. 144) was filed after the subject Motion *in Limine*; hence, some of the Exhibit numbers referenced in the subject Motion are incongruent with the Exhibit numbers on the Pretrial Order. Where possible, the Court refers to the Exhibit number on the Pretrial Order.
[20] Rec. Doc. 106-1, p. 3.

specialized knowledge."[21] Exxon submits that "'a lay witness may present '[l]ay testimony . . . to complement and corroborate medical evidence.'"[22]

Plaintiff's Motion to exclude Exhibit No. 7 is DENIED for the reasons set forth in Exxon's opposition. Objections to foundation and authenticity, if any, are reserved for trial.

### C.  Motion to Exclude argument, testimony, and evidence regarding hand safety, prior hand injury

Plaintiff moves to exclude "documents labelled WFT000003 (Exxon Ex. No. 2), WFT000073 (Exxon's Ex. No. 4) and WFT 000392 (Exxon Ex. No. 10) [which] are emails between Weatherford personnel regarding an alleged discussion with Mr. Olivier regarding the placement of his hands in potentially hazardous positions."[23] These communications occurred "approximately 9 months prior to the subject incident."[24]

Exxon responds that it "does not currently anticipate using evidence of Plaintiff's prior hand injury at trial. However, such evidence should not be categorically excluded as it may be admissible as impeachment evidence or for other permissible purposes."[25]  The pretrial Motion is DENIED. Objections are reserved and may be urged at the time of trial.

### D.  Motion to Exclude Emails and documents written by Weatherford employees or other non-parties – Exxon's Exhibit Nos. 2, 3, 4, and 10 (WFT000001-000146; WFT000392-000401)

Plaintiff moves to exclude these documents as hearsay and based on the lack of a witness identified to authenticate the subject documents. Exxon counters that many of

---

[21] Rec. Doc. 115, p. 3 (quoting FRE 701)(citing *McLeod v. New Orleans Pub. Belt R.R. Comm'n,* No. 10-1907, 2012 WL 13001031, at *3 (E.D. La. May 16, 2012); *Franco v. Mabe Trucking Co.,* No. 17-00871, 2019 WL 1285381, at *1 (W.D. La. Mar. 20, 2019)("[l]ay witnesses can testify as to observed physical conditions and behavior.")).
[22] *Id.* (quoting *Robert v. Maurice*, No. 18-11632, 2020 WL 4035523, at *7 (E.D. La. July 17, 2020)(quoting *Barocco v. Ennis Inc.*, 100 F. App'x. 965, 968 (5th Cir. 2004))).
[23] Rec. Doc. 106-1, p. 5.
[24] *Id.*
[25] Rec. Doc. 115, p. 5.

these documents may be offered for a non-hearsay purpose and some will satisfy the business records exception. The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

### E.  Motion to Exclude Alleged Supervisor's Accident Investigation Report – Exxon's Exhibit No. 26[26] (WFT000142-000143)

Plaintiff argues hearsay and authenticity. Exxon counters that authenticity will be established at trial and that the records satisfy the business records exception to the rule against hearsay. The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

### F.  Motion to Exclude Church Point Medical Clinic Records and related testimony – Exxon's Exhibit No. 13 (XOM00001602-1663)

Plaintiff argues relevance. Defendant counters that these medical records "document that Plaintiff had a pre-existing back injury, are highly relevant and are probative of causation and damages, as well as Plaintiff's."[27] The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

### G.  Motion to Exclude Weatherford Invoices - Exxon's Exhibit No. 9 (WFT000750-000863)

Plaintiff argues relevance and prejudice. The independent contractor defense was the subject of this Court's Ruling on Summary Judgment[28] and is accordingly GRANTED.

---

[26] The Exhibit number reflected on the Pretrial Order at Rec. Doc. 144.
[27] Rec. Doc. 115, p. 7.
[28] Rec. Doc. 125.

### H. Motion to Exclude Workover Safety Meeting Agendas – Exxon's Exhibit No. 22[29] (XOM000987-00001024)

Plaintiff argues relevance, prejudice, and hearsay, except for the one document authored by the Plaintiff (XOM00001011) which Plaintiff concedes may be admissible, if relevant, under FRE 801(d). Defendant counters that "The Workover Safety Meeting Agendas are records of a regularly conducted activity (i.e, business records), which can be confirmed by one of several Weatherford trial witnesses listed by the parties, or by Weatherford's records custodian, who is also listed as a trial witness."[30] Defendant further argues that the documents are relevant to Weatherford's "responsibility for safety during their plug & abandonment operations."[31] The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

### I. Motion to Exclude "SEMS 2015 Certificate" – Exxon's Exhibit No. 31[32] (XOM00001578)

Plaintiff urges exclusion of "sample audits performed by a private entity (not the government) at facilities that were *not* the Lena platform."[33] Plaintiff argues the records should be excluded under FRE 402, 403, and 802. Defendant counters that these are relevant to Exxon's compliance with safety regulations which the Plaintiff has placed at issue. The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

---

[29] The Exhibit number reflected on the Pretrial Order at Rec. Doc. 144.
[30] Rec. Doc. 115, p. 8.
[31] *Id*. at pp. 8-9.
[32] The Exhibit number reflected on the Pretrial Order at Rec. Doc. 144.
[33] Rec. Doc. 106-1, p. 8 (original emphasis).

**J.  Motion to Exclude Photographs extracted from other documents – Exxon's Exhibit Nos. 33 and 34[34] (extracts from XOM00001169 and XOM 00001178)**

The subject photographs are contained in Plaintiff Exhibits 1 and 2, to which Exxon objects.[35] The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

**K.  "Work Permit" – Exxon's Exhibit No. 35[36]  (XOM00002704 and XOM 00002722)**

Plaintiff urges exclusion on relevance grounds, arguing that the Work Permit documents (Exxon Exhibit 34) "do not pertain to the work being performed at the time of the subject incident" and "do not involve the rig skid beam."[37] Exxon contends that the "Work Permit, which is signed by Plaintiff, is relevant to show Plaintiff's knowledge of his duties and responsibilities on Lena Platform."[38]

The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

**L.  Motion to Exclude Exxon's Incident Report to BSEE, Exxon's Internal Incident Report, and Exxon's Emails – Exxon's Exhibit Nos. 16 and 18 (XOM000012-0000168; XOM0000957-0000959)**

Plaintiff concedes relevance but argues for exclusion on the grounds of hearsay. The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

---

[34] The Exhibit number reflected on the Pretrial Order at Rec. Doc. 144.
[35] Rec. Doc. 144.
[36] The Exhibit number reflected on the Pretrial Order at Rec. Doc. 144.
[37] Rec. Doc. 106-1, p. 9.
[38] Rec. Doc. 115, p. 11.

### M. Motion to Exclude Exxon's "Orientation Safety Rules" - Exxon's Exhibit No. 36[39] (XOM00002831-00002834)

Plaintiff argues that these "documents are a blank form for the Lena platform. They are unsigned, incomplete, and lack any probative value. Accordingly, they are not relevant to this dispute and should be excluded under Rule 402. To the extent there is probative value, it is substantially outweighed by potential prejudice and misleading the jury."[40] Exxon argues that these are relevant to rebut Plaintiff's contention that Exxon "failed to identify hazards on the Platform."[41] The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

### N. Motion to Exclude Exxon's "OIMS/SEMS Documents" – Exxon's Exhibit No. 30[42] (XOM00001384-00001577; XOM00002651-2670)

Plaintiff argues that these safety procedures/manuals and presentations are hearsay. The Court DENIES the pretrial Motion. Objections are reserved. Admissibility will be determined at the time of trial.

### O. Credibility of the Plaintiff

Plaintiff moves to exclude any testimony that calls into question Plaintiff's credibility. Plaintiff notes particularly a comment by Dr. Romero regarding the Plaintiff's credibility, Exxon's retained medical expert. The Court GRANTS the Motion *in Limine*. Dr. Romero shall not be permitted to opine regarding the Plaintiff's credibility. Dr. Romero may testify to the facts of the Plaintiff's medical history as he understands them but shall not be permitted to draw or suggest credibility conclusions.

---

[39] The Exhibit number reflected on the Pretrial Order at Rec. Doc. 144.
[40] Rec. Doc. 106-1, p. 10.
[41] Rec. Doc. 115, p. 13.
[42] The Exhibit number reflected on the Pretrial Order at Rec. Doc. 144.

### P.  Motion *in Limine* regarding Pre-Existing Medical Conditions

Plaintiff seeks an Order *in limine* prohibiting witnesses "from making any references whatsoever to alleged pre-existing medical conditions, if any, of Plaintiff unless Defendants have supporting medical [evidence which correlates the pre-existing condition] to (1) the injuries and medical treatment obtained by Plaintiff as a result of the incident, or (2) the damages claimed by Plaintiff as a result of the incident."[43] The Court understands this to be a relevance objection. The Court DENIES the pretrial Motion. Objections are reserved to the time of trial.

### Q.  Motion in Limine to prohibit references or arguments regarding not calling equally available witnesses

The Court DENIES the pretrial Motion. Objections are reserved to the time of trial.

### R.  Motion *in Limine* regarding prior criminal convictions of the Plaintiff (FRE 609)

Exxon concedes it "does not intend to and is not seeking to introduce any evidence of prior convictions against Plaintiff that would implicate Rule 609 of the Federal Rules of Evidence."[44]  The Court DENIES the pretrial Motion. Objections are reserved to the time of trial.

### S.  Motion *in Limine* regarding Social Media Evidence

Plaintiff moves to exclude "documents and things derived or obtained from social media, and any references to documents and things derived or obtained from social media" on hearsay grounds.[45] Exxon responds that it "has no plans to introduce social

---

[43] Rec. Doc. 106-1, p. 11.
[44] Rec. Doc. 115, p. 16.
[45] Rec. Doc. 106-1, p. 13.

media evidence at trial."[46] The Court DENIES the pretrial Motion. Objections are reserved to the time of trial.

> **T. Motion in Limine to exclude references to Retention of a Lawyer, Taxability of Damages, the Filing of Evidentiary Motions, Testimony referring to the Affidavit of Jamie Siekkinen**

The remaining "belt and suspenders" Motions are DENIED. Objections are reserved to the time of trial.

## III.    CONCLUSION

For the reasons given, the Plaintiff's Motions *In Limine* (Rec. Doc. 104 and 106) are GRANTED in part, DENIED in part, and DEFERRED to trial as follows:

Motion to Exclude Exxon Exhibit 19 - GRANTED;

Motion to Exclude Exxon Exhibit 17 – GRANTED;

Motion to Exclude reference to LHWCA is deferred to the trial on the merits, all objections are reserved. Exxon shall redact reference to worker's compensation claims and benefits from documentary evidence.

Motion to Exclude Exxon Exhibit 7 (employee evaluations) - DENIED;

Moton to Exclude evidence of prior hand injury is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Weatherford Emails is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Church Point Medical Clinic Records is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Exxon Exhibit 9, Weatherford Invoices – GRANTED;

---

[46] Rec. Doc. 115, p. 16.

Motion to Exclude Exxon Exhibit 22 (Workover Safety Meeting Agendas) is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Exxon Exhibit 31 (SEMS 2015 Certificate) is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Exxon Exhibits 33 and 34 (Photographs) is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Exxon Exhibit 35 (Work Permit) is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Exxon Exhibits 16 and 18 (Incident Report and related emails) is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Exxon Exhibit 36 (Orientation Safety Rules) is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Exxon Exhibit 30 (OIMS/SEMS Documents) is deferred to the trial on the merits, all objections are reserved;

Motion to Exclude Dr. Romero from opining as to Plaintiff's credibility – GRANTED;

Motion to Exclude Evidence of Plaintiff's Pre-Existing Medical Conditions is deferred to the trial on the merits, all objections are reserved;

All remaining Motions to Exclude raised in Motion *in Limine* No. 3 are deferred to the trial on the merits, all objections are reserved.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 18th day of August, 2022.

_Shelly D. Dick_

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**