# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BILLY D. OLIVIER                                     CIVIL ACTION NO.

VERSUS                                               18-CV-568-SDD-EWD

EXXON MOBIL CORPORATION

## RULING

Before the Court is a *Motion Limine to Exclude References to Prior Unrelated Incident*[1] filed by Defendant, Exxon Mobil Corporation ("Exxon" or "Defendant").The Plaintiff Billy Olivier ("Olivier") has filed an Opposition[2] to which Exxon has replied.[3] The Motion is DENIED.

The Plaintiff seeks to offer evidence of a prior tripping incident that occurred on the LENA Platform. Billy Landry slipped and turned his ankle while on the rig skid beam on the Lena Platform approximately one month before the subject accident. ("Billy Landry Incident") Brandon Woods, an Operations Supervisor on the Lena Platform, filled out the Incident Report. Plaintiff intends to offer testimony of Brandon Woods and the Billy Landry Incident Report and related email correspondence as evidence at trial. The Court has reviewed the proposed evidence.[4]

Exxon seeks exclusion arguing that the prior incident is dissimilar and therefor not relevant and prejudicial. FRE 403. Exxon submits that "[w]hen evidence of other accidents

---

[1] Rec. Doc. 101
[2] Rec. Doc. 118
[3] Rec. Doc. 131
[4] Submitted by the parties for in camera review, pursuant to the Court's Order. Rec. Doc. 162.

or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar' to the facts and circumstances at issue."[5] Exxon acknowledges that when offered to show notice the threshold requirement for admissibility is "reasonable similarity."[6]

The Court finds that the Billy Landry incident and the Billy Olivier incidents are closely similar. Both were slips on the rig skid beam of the Lena Platform during Plug and Abandonment operations. Furthermore, the Court finds that the evidence is probative of Exxon's notice that the rig skid beam was used as a walking surface by workers which possibly presented a slipping or tripping hazard. In short, the proposed evidence is probative of notice and the Court finds that the Billy Landry Incident it is reasonably similar to the Plaintiff's accident.

Accordingly, Exxon's Motion in Limine (Rec. Doc. 101) is hereby DENIED.

Signed in Baton Rouge, Louisiana, on <u>August 22, 2022</u>.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] Rec. Doc. 101-1, citing *Johnson v. Ford Motor Co*., 988 F.2d 573, 579 (5th Cir. 1993).
[6] Id. at 580.