UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BILLY D. OLIVIER                                   CIVIL ACTION NO.

VERSUS                                             18-CV-568-SDD-EWD

EXXON MOBIL CORPORATION

RULING

This matter is before the Court on the *Motion for New Trial*[1] by Plaintiff, Billy D. Olivier ("Olivier" or "Plaintiff"). Defendant, Exxon Mobil Corporation ("EMC" or "Defendant") filed an *Opposition*,[2] to which Plaintiff filed a *Reply*.[3] For the following reasons, Plaintiff's Motion shall be denied.

I.   BACKGROUND

On September 23, 2017, while Plaintiff was performing tasks in connection with plugging and abandonment or decommissioning operations of EMC's offshore platform (the "Lena Platform"), he was injured while walking on top of a rig skid beam located on the Platform.[4] Plaintiff filed suit against EMC, which denied liability. The Court denied both parties dispositive motions and ruled on numerous evidentiary motions prior to trial. Of importance here, Plaintiff filed *Motion in Limine No. 1 Regarding Speculative Testimony and Hearsay About the Actions or Inactions of Federal Agencies*, seeking exclusion of testimony and exhibits as to Incidents of Non-Compliance ("INCs")

---

[1] Rec. Doc. 192.
[2] Rec. Doc. 209.
[3] Rec. Doc. 212.
[4] *See* Rec. Doc. 1, Complaint; Rec. Doc. 48-3, Deposition of Billy D. Olivier, pp. 100-10. *See also id.*, ex. 3 (depicting the Rig Skid Beam).

documented by federal inspectors, on the grounds of hearsay and relevance.[5] The Court granted Plaintiff's motion as to the exhibits—but not the testimony—finding that the INCs issued before the work being conducted at the time of the incident were irrelevant and that the "prejudice outweighs any marginal probative value."[6] The INCs dated 9/28/2017 were excluded on hearsay grounds because they did not fall within the public records exception.[7]

This matter went to trial by jury on August 29, 2022.[8]  On the first day of trial, EMC asked Plaintiff's expert on cross-examination, "[a]nd you haven't seen any incidents of noncompliance as it relates to the rig skid beams on the Lena Platform, have you?"[9] Plaintiff objected but the Court overruled, stating that the Court's *Ruling* on the *Motion in Limine* excluded documents, not testimony.[10] On day two, Plaintiff asked his expert on redirect, "[a]nd *there's no evidence whatsoever* of what was done, changed, modified, what was going on at the time *of any alleged inspection* by a federal agency *for which we have no proof*?"[11] Plaintiff's expert agreed. Prior to testimony on day three, EMC argued that Plaintiff opened the door to the introduction of INCs, and the Court agreed.[12] On day four, EMC's expert testified about the INCs, and they were introduced into evidence over Plaintiff's objections.[13]

On September 2, 2022, the jury rendered a verdict for EMC.[14]  Plaintiff has filed a

---

[5] Rec. Doc. 104.
[6] Rec. Doc. 163.
[7] *Id.*
[8] Rec. Doc. 175.
[9] Rec. Doc. 203, p. 99.
[10] *Id.*
[11] Rec. Doc. 204, p. 224 (emphasis added).
[12] Rec. Doc. 205, p. 4-7.
[13] Rec. Doc. 206, p. 175-80.
[14] Rec. Doc. 186.

*Motion for New Trial*, asserting two errors. First, Plaintiff claims the jury disregarded the weight of the evidence in Plaintiff's favor and unreasonably found that EMC was not negligent, thereby precluding its evaluation of whether EMC was the legal cause of Plaintiff's injuries. Plaintiff maintains that numerous undisputed facts demonstrated EMC's negligence. Second, Plaintiff contends the Court erred by admitting the INCs because it had previously ruled that they were inadmissible hearsay. Plaintiff contends that, despite the Court's ruling, at trial, EMC was improperly permitted to question witnesses about the INCs over Plaintiff's objections.[15] Plaintiff further argues the subsequent introduction of the INCs to the jury as exhibits was also prejudicial error. Plaintiff maintains this line of questioning prejudiced the Plaintiff by signaling to the jury that EMC's actions had the government's approval; thus, EMC did not breach the legal standard of care owed to the Plaintiff.

EMC opposes Plaintiff's motion and disputes both alleged errors.[16] As to the jury's verdict, EMC contends that the purportedly "undisputed" facts referenced by the Plaintiff were heavily disputed at trial. Additionally, EMC argues that the negligence inquiry required both factual determinations *and* assessments of reasonability as to EMC's conduct. EMC claims both decisions called for the jury to make credibility evaluations of the conflicting testimony and evidence presented. EMC highlights extensive testimony demonstrating sharply disputed underlying facts and testimony that fairly supports the jury's verdict.[17]

---

[15] Rec. Doc. 212.
[16] Rec. Doc. 209.
[17] *Id.* at pp. 3-9.

As to the admission of the INCs, EMC maintains its original position that the documents are admissible under the public records doctrine; nevertheless, EMC contends Plaintiff opened the door to their admission at trial. Alternatively, EMC argues that, even if the INCs were inadmissible, any error in their admission was harmless because they were used to confirm the substance of expert testimony.

## II.   LAW AND ANLYSIS

### A.  Motion for New Trial

Generally, a new trial may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[18] "District courts 'should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence.'"[19] "The district court abuses its discretion by denying a new trial only when there is an 'absolute absence of evidence to support the jury's verdict.'"[20] In reviewing the jury's verdict, the evidence and reasonable inferences derived therefrom should be viewed "in the light most favorable to the jury's determinations."[21]

### B.  Weight of the Evidence

Considering the record of disputed facts and the conflicting trial testimony, the Court cannot find that the jury lacked any evidentiary basis for its verdict. Both parties introduced numerous witnesses and expert opinions, and the jury was tasked with evaluating the credibility of each. The conflicting testimony at trial demonstrates that the jury's verdict was not unreasonable. The conflicting testimony regarding the nature of the

---

[18] Fed. Rul. Civ. P. 59(a)(1)(a).
[19] *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F. 3d 219, 230 (5th Cir. 2020) (citing *Whitehead v. Food Max of Miss., Inc.*, 163 F. 3d 265, 269 (5th Cir. 1998).
[20] *Cobb v. Rowan Companies, Inc.*, 919 F. 2d 1089 (5th Cir. 1991) (citing *Irvan v. Frozen Food Express, Inc.,* 809 F.2d 1165, 1166 (5th Cir. 1987).
[21] *Matter of 3 Star Prop., L.L.C.*, 6 F. 4th 595, 613 (5th Cir. 2021) (citing *Rideau v. Parkem Indus. Servs., Inc.*, 917 F.2d 892, 897 (5th Cir. 1990)).

rig skid beam's use[22] and the disputed relevance of a prior incident involving a third party[23] are just two examples of such conflicts. Therefore, the Court finds that "[n]othing demonstrates 'the facts and inferences point so strongly and overwhelmingly' in [the Plaintiff's] favor that 'reasonable jurors could not have arrived at a contrary verdict.'"[24]

### C. Admission of the INCs

"Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial […] the court must disregard all errors and defects that do not affect any party's substantial rights."[25] "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party."[26] Unless there is plain error in the ruling, a party must object or move to strike in a timely manner, and state the specific reason for the objection unless it was apparent from the context."[27] Evidentiary rulings are within the trial court's wide discretion; abuse of discretion occurs "when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."[28]

---

[22] *Compare* Rec. Doc. 204, p. 105 (testimony of Clint Faulk that crew did not use the rig skid beam as a walkway), *with* Rec. Doc. 204, p. 203 (testimony by Gregg Perkin that the rig skid beam became a walkway). *See also* Rec. Doc. 204, p. 237-239 (testimony from Johnny Goodwin refusing to classify the rig skid beam as a walkway in contradiction to his opinion at his deposition), and Rec. Doc. 205, p. 175-6 (testimony from Billy Olivier that the characterization of the rig skid beam by other witnesses differed between depositions and trial).
[23] *Compare* Rec. Doc. 206, p. 188-90 (testimony by Perrin Roller stating that an investigation was not required after an accident involving Billy Landry and that the incident at issue is distinct from Mr. Landry's), *with* Rec. Doc. 204, p. 171 (testimony by Gregg Perkin regarding the lack of an investigation and subsequent corrective measures after the accident involving Billy Landry).
[24] *Williams v. Manitowoc Cranes, L.L.C.*, 898 F. 3d 607, 620 (5th Cir. 2018) (citing *Homoki v. Conversion Serv., Inc.*, 717 F.3d 388 (5th Cir. 2013).
[25] Fed. Rul. Civ. P. 61.
[26] Fed. Rul. Evid. 103.
[27] Fed. Rul. Evid. 103.
[28] *Hanan v. Crete Carrier Corp.*, 2022 WL 2188527, 2 (5th Cir. 2022) (citing *HTC Corp. v. Telefonaktibolaget LM Ericcson*, 12 F. 4th 476, 489 (5th Cir. 2021).

"Relevant evidence is admissible unless" proscribed elsewhere.[29] "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence."[30] However, relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of […] unfair prejudice, confusing the issues, [or] misleading the jury."[31]

In evaluating EMC's cross-examination of Plaintiff's expert, Garrett Perkin, the Court notes that he was questioned about whether he had seen an INC for the rig skid beam or the lug slots on the Lena Platform.[32] Experts may form opinions based on facts or data that they have personally observed or have been made aware of.[33] "Unless the court orders otherwise, an expert may state an opinion […] without first testifying to the underlying facts or data."[34] Upon cross-examination, "the expert may be required to disclose those facts."[35] Thus, EMC's questions on cross-examination were permissible because they were about the factual basis that formed the expert's opinion.

Further, Plaintiff's question to Gregg Perkin on redirect suggested that there was no documentation for any inspections done by a federal agency.[36] Thus, Plaintiff elicited testimony intended to show that inspections did not occur and that no documentation resulted. This line of questioning went to the heart of whether EMC maintained a safe

---

[29] Fed. Rul. Evid. 402.
[30] Fed. Rul. Evid. 401.
[31] Fed. Rul. Evid. 403.
[32] Rec. Doc. 203, p. 99. *See also*, Rec. Doc. 204, p. 201-202 (EMC's cross examination of Gregg Perkin in which a similar question was asked without objections from Plaintiff).
[33] Fed. Rul. Evid. 703.
[34] Fed. Rul. Evid. 705.
[35] *Id.*
[36] Rec. Doc. 204, p. 224 (Plaintiff's counsel asks, "and there is no evidence whatsoever of what was done, changed, modified, what was going on at the time of any alleged inspection by a federal agency for which we have no documents or proof?" Mr. Perkin responds, "correct.").

worksite. As the Court held at trial, Plaintiff opened the door with this question, allowing EMC to rebut Perkin's response with the INCs.

The Court also finds that any prejudice Plaintiff suffered was at his own hand. "If the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value […] outweighs their prejudicial effect."[37] "Under the 'invited error' doctrine, it is an accepted matter of law that where the injection of allegedly inadmissible evidence is attributable to the action of the party seeking to exclude that evidence, its introduction does not constitute reversible error."[38] In this posture, prejudice, if any, was outweighed the probative value of the INCs.[39]

Alternatively, even if the admission of the INCs constituted error, the alleged error must have harmed Plaintiff's substantial rights to warrant a new trial.[40] The burden of proving the harm belongs to the complaining party.[41] An error is harmless when the "court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict."[42] Influence on a jury's finding is not found when "[t]he record contains ample evidence upon which the jury could base [its] finding."[43] As discussed above, there was sufficient trial evidence to support the jury's verdict even without admission of the INCs. Thus, any purported error was harmless.

---

[37] Fed. Rul. Evid. 703.
[38] *All American Life and Cas. Co. v. Oceanic Trade All. Counsel Int'l, Inc.*, 756 F. 2d 474, 479, (5th Cir. 1985) (citing *U.S. v. Lerma*, 657 F. 2d 786, 788 (5th Cir. 1981), *cert denied*, 455 U.S. 921 (1982)).
[39] *See* Fed. Rul. Evid. 403.
[40] *Pregeant v. Pan American World Airways, Inc.*, 762 F. 2d 1245, 1248 (5th Cir. 1985); *See also* Fed. Rul. Civ. P. 61.
[41] *Pregeant*, 762 F. 2d at 1248 (citing *Crumpton v. Confederation Life Ins. Co.*, 672 F. 2d 1248 (5th Cir. 1982).
[42] *Id.* at 1249 (quoting *United States v. Underwood*, 588 F. 2d 1073, 1076 (5th Cir. 1979).
[43] *Id.*

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's *Motion for New Trial*[44] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 1st day of December, 2023.

*Shelly D. Dick*
_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[44] Rec. Doc. 192.